**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| **WILLIAM J. MOFFORD**, <br><br> Plaintiff, <br><br> v. <br><br> (hereinafter "Defendant") <br> **BNSF RAILWAY COMPANY, a Delaware corporation,** <br><br> Defendant. | Case No.  3:23-cv-5723 <br><br> **COMPLAINT FOR PERSONAL INJURIES** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff William J. Mofford (hereinafter "Plaintiff"), by and through his undersigned counsel, and for his claims against Defendant BNSF Railway Company (hereinafter "Defendant") states and alleges as follows:

## I. PARTIES

1. That at all material times, Plaintiff was and is a resident of the State of Oregon, employed by Defendant, a Delaware corporation, and was working in the course and scope of his employment in the State of Washington, in the district where this action is filed.

2. That at all material times, Defendant BNSF Railway Company was and is a corporation duly organized and existing under the laws of the State of Delaware, with its principal

place of business in the State of Texas, and authorized to and doing business in the State of Washington.

## II. JURISDICTION AND VENUE

3.     At all material times, Defendant was and is in the business of operating a system of railroad tracks and facilities in the State of Washington, and that said system includes lines of track and facilities within the district where this action is filed.

4.     At all material times, Defendant was an interstate carrier by rail and was engaged in interstate transportation and commerce in the State of Washington, and other states; Plaintiff was employed by Defendant as a trainman/conductor, and as such was working and engaged in interstate transportation and commerce at the times hereinafter set forth, and at such times was working in the furtherance of Defendant's interstate commerce, and in work which directly, closely and substantially affected the general interstate commerce carried on by said Defendant as a railroad common carrier for hire.

5.     This Court has original jurisdiction of this matter as Plaintiff's Complaint involves claims under the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60 ("FELA"), and this matter is timely filed pursuant to 45 U.S.C. § 56.

## III. GENERAL ALLEGATIONS

6.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 5 of this Complaint as though fully set forth herein.

7.     That on or about October 19, 2022, Defendant assigned Plaintiff and his crew to work the north lead job in Defendant's rail yard in Vancouver, Washington, and to perform switching duties on the northern portion of track 7 within the yard.

8. That at the same time and place, a separate crew (the south lead) was allowed and assigned to perform switching duties on the southern portion of yard track 7.

9. That at said time and place, in accordance with his training and instruction, Plaintiff asked for and received clearance from his crew to go in between rail cars to set hand brakes on the cars on the northern portion of track 7.

10. While so engaged and unbeknownst to Plaintiff, without warning or notification to Plaintiff or his crew, the south lead crew "kicked"[1] seven rail cars weighing approximately 516 tons in a northerly direction, rolling freely and uncontrolled towards the rail cars on which Plaintiff was working.

11. Without warning or notice to Plaintiff, the free-rolling rail cars collided with the rail cars on which Plaintiff was working.

12. That as a result Plaintiff was knocked to the ground, and his right leg was trapped and crushed beneath the wheels of the rail car causing a traumatic amputation of his right foot and thereby causing Plaintiff to suffer the injuries and damages set forth hereinbelow.

## IV.  CAUSE OF ACTION

13. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 12 of this Complaint as though fully set forth herein.

14. The injuries and the resulting damages incurred as a result of the incident described herein were caused, in whole or in part, by the negligence of Defendant, its agents, employees, and officers, in violation of 45 U.S.C. §§ 51-60, including, but not limited to:

    a. negligently failing to provide Plaintiff with a reasonably safe place in which to work as required by law;

---

[1] When switching railcars, the term kicking means shoving one or more cars with the engine and then cutting the cars off while they are in motion allowing them to move by their own momentum into a track.

    b.    negligently creating and/or permitting unreasonably dangerous and hazardous conditions to exist in its rail yards and in works areas where Plaintiff was required to work;

    d.    negligently failing to provide safe and proper methods and procedures for the performance of the duties to which its employees were assigned;

    e.    negligently failing to comply with long-standing industry standards and practices used in the switching of rail cars within rail yards;

    f.    negligently failing to develop, implement, adopt, and enforce operating and safety rules and practices related to the switching of rail cars and communication and job-briefing between employees engaged in the performance of such duties; and

    g.    other acts of negligence.

15. That as a result of the aforesaid occurrence and negligence of Defendant under the FELA, Plaintiff, William J. Mofford, was caused to sustain severe, permanent, and disabling injuries, including but not limited to traumatic amputation of his right foot, crushing of his right leg causing the amputation of his right leg above the knee, scarring and disfigurement and associated injuries to the bones, muscles, tissues, nerves, ligaments and internal parts thereof, and other associated injuries; plaintiff has been caused to expend and/or obligate himself for reasonable and necessary medical, surgical, rehabilitative, and prosthetic care for the treatment of his injuries and will be in the future caused to expend further such sums in an amount to be proven by the evidence at trial.

16. That as a result of the aforesaid occurrence and negligence of Defendant under the FELA, Plaintiff has been caused to suffer loss of wages and fringe benefits to date, and such wage loss, loss of fringe benefits, and a diminution of earning power will continue permanently into the future in amounts to be proven by the evidence at trial.

17. That as a result of the aforesaid occurrence and negligence of Defendant under the FELA, Plaintiff has suffered severe and crippling injuries which are permanent, painful, disfiguring and progressive as well as extreme terror and fright associated with the incident. Plaintiff has suffered in the past, and will continue to suffer in the future physical and emotional distress, mental pain and anguish, and loss of enjoyment of life in that Plaintiff's ability to work, labor and enjoy the normal pursuits of life have been permanently impaired and lessened all to Plaintiff's damages.

## V. RELIEF CLAIMED

WHEREFORE, Plaintiff prays that judgment be entered against the above-named Defendant in an amount established by the evidence, together with all costs, disbursements, and fees herein, and any other and further relief the Court deems just and proper.

Dated: August 10, 2023              **ROSSI VUCINOVICH PC**

By: s/ *James K. Vucinovich*
James K. Vucinovich, WSBA No. 29199
ATTORNEYS FOR PLAINTIFF